*1255 OPINION.
James:
We are satisfied from all the evidence that the horse-breeding farm operated by the decedent near Independence, Bans., was operated as a business venture and that the expenses incurred in connection therewith should be allowed as a deduction from income.
In connection with the Stanton-Amerman venture, the administrators claim that no profit should have been assigned until the venture was finally wound up and the bonds became salable in 1925 by reason of the favorable termination of the litigation over the paving contracts. It appears that the decedent himself placed the valuation of 80 per cent of par value upon the bonds received in connection with this venture, and that the partnership must have placed at least as high a *1256 valuation upon them in computing the distributive shares of the partners in 1922.
The evidence of lack of value of the bonds is confined entirely to the litigation, which at most merely delayed their payment. It does not appear from the evidence what the basis of the litigation was, or whether, had it resulted favorably'to those opposing the paving assessments, the result would have been to invalidate the bonds even in the hands of decedent.
It appears, however, that through error 'the profit upon this transaction was twice reported in somewhat varying amounts. The total profit actually realized upon the basis of par value of the bonds was $13,396.26, and, upon the basis of taking the bonds at 80 per cent of the face value, was $6,796.26, all in the jrear 1922, upon the assumption that this represented distributable income from the partnership of Stanton-Amerman. The amount of $6,796.26 should be used in the computation of the decedent’s net income for the year 1922. •
The item of interest on the bonds of the Constantin Refining Co. should be eliminated from income for the year 1922, never having been received by the decedent.